UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| **RICHARD WAGNER**, | ) | Case No. 1:26-cv-2669 |
| | ) | |
| Plaintiff, | ) | |
| | ) | Judge: |
| v. | ) | |
| | ) | |
| **SCHOFIELD PROPERTIES, LLC,** an | ) | |
| Ohio Limited Liability Company | ) | |
| | ) | |
| Defendant. | ) | |

**COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**

Plaintiff, Richard Wagner, individually, by and through the undersigned counsel, Owen B. Dunn, Jr., hereby files this Complaint against Defendant Schofield Properties, LLC, an Ohio limited liability company for injunctive relief, damages, attorneys' fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA"), alleging as follows:

**JURISDICTION AND VENUE**

1. This action is brought by the Plaintiff, Richard Wagner, individually, and on behalf of individuals similarly situated, pursuant to the enforcement provision of the American with Disabilities Act of 1990 (the "ADA"), 42 U.S.C. § 12188(a), against the Defendant as delineated herein.

2. The Court has jurisdiction pursuant to the following statutes: 28 U.S.C. § 1331, which governs actions that arise from the Defendant's violations of Title III of

the ADA, 42 U.S.C. § 12181, *et seq.*; 28 U.S.C. § 1331, which gives the District Courts original jurisdiction over civil actions arising under the Constitution, laws, or treaties of the United States; 28 U.S.C. § 1343(3) and (4), which gives District Courts jurisdiction over actions to secure civil rights extended by the United States government; and 28 U.S.C. § 1367, as Count II utilizes the same core of operative facts as Count I, and is therefore subject to supplemental jurisdiction.

3. The Venue is proper in the Northern District of Ohio as venue lies in the judicial district of the property *situs*. The Defendant's property and operations complained of by Plaintiff is located in this judicial district, where the business of public accommodation is conducted, including the acts complained of herein.

**PARTIES**

4. Plaintiff, Richard Wagner ("Plaintiff" or "Mr. Wagner") is a Delaware County, Ohio resident, is *sui juris*, and qualifies as an individual with disability as defined by the ADA, 42 U.S.C. § 12102(2), 28 C.F.R. 36.104.

5. The Defendant, Schofield Properties, LLC, owns and/or operates Kimpton Schofield Hotel, located at 2000 E 9th St, Cleveland, OH 44115, in Cuyahoga County.

6. The hotel owned or operated by the Defendant, Schofield Properties, LLC, is non-compliant with the remedial provisions of the ADA. As the Defendant either owns, leases, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104, Defendant is responsible for complying with the obligations of the ADA. Defendant's hotel is a place of public accommodation. Defendant's property fails to comply with the ADA and its regulations, as also described further herein.

7. At the hotel owned and operated by the Defendant, the building was repurposed, altered, and renovated extensively to become a hotel, by the Defendant or its predecessor, commencing in 2013 and granted permits for occupancy in 2016 and is non-compliant with the remedial provisions of the ADA for newly designed and constructed or altered facilities. Full compliance with the with the 1991 ADAAG Standards or 2010 ADA Standards implementing regulations of the ADA is required for this hotel unless it is structurally impracticable in which case, compliance is required to the extent that it is not structurally impracticable.

8. As a component of Defendant's extensive repurpose, renovation and construction to its primary function areas in 2013 to 2016 it did not dedicate

resources to an accessible path of travel, whereas the law requires up to 20% of the cost of the alteration to be applied to accessible routes.

9. Mr. Wagner is an individual diagnosed with spinal paralysis and permanently uses a wheelchair for mobility. As such, Plaintiff is substantially limited in performing one or more major life activities, including but not limited to, standing and walking, as defined by the ADA and its regulations thereto.

10. Mr. Wagner 1s a Delaware County, Ohio resident and is employed as an ADA Coordinator, speaker, consultant, and expert, with one aspect of his expertise focusing on inspection of places of public accommodation for ADA compliance and in that capacity has consulted for private clients throughout Ohio and in Northeast Ohio.

11. On October 9-10, 2024, Plaintiff patronized the Defendant's property as an overnight guest, and he plans to return to the property to avail himself of the goods and services offered to the public at the property. The Plaintiff has encountered architectural barriers at the subject's property. The barriers to access at the property have endangered his safety.

12. Plaintiff has a realistic, credible, existing, and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations contained in this complaint. Plaintiff has reasonable grounds to

believe that he will continue to be subjected to discrimination in violation of the ADA by the Defendant. Plaintiff desires to visit the Defendant's place of business again on future occasions, not only to avail himself of the goods and services available at the property but to assure himself that this property is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the hotel and its amenities without fear of discrimination.

13. The Defendant has discriminated against the individual Plaintiff by denying him access to the full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 *et seq.*

14. The Defendant has discriminated against and are continuing to discriminate against the Plaintiff in violation of the ADA by failing to, *inter alia*, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendants have 10 or fewer employees and gross receipts of $500,000 or less).

15. A preliminary inspection of the Kimpton Schofield Hotel, including its facilities, has shown that many violations of the ADA exist. These violations include, but are not limited to:

**Accessible Routes**

A. Stairways throughout the hotel lack compliant handrails on both sides, in violation of the ADA and Section 505 of the 2010 Standards and 1991

ADAAG Section 4.9.4, whose remedy is strictly required or, at minimum, readily achievable.

B. There is no accessible route to access the hotel's restaurant and bar facility due to a step, in violation of the ADA and Section 402.2 of the 2010 Standards and 1991 ADAAG Section 4.3.2, whose remedy is strictly required or, at minimum, readily achievable.

**Lobby Restrooms**

C. Signage on the restrooms lacks the international symbol of accessibility, in violation of the ADA and Section 216.8 of the 2010 Standards, whose remedy is strictly required or, at minimum, readily achievable.

**Access to Goods and Services**

D. Exercise machines and equipment in the fitness room do not have at least 36 inches of maneuvering clearance between them, in violation of the ADA and Section 206.2.13 of the 2010 Standards, whose remedy is strictly required or, at minimum, readily achievable.

**Mobility Accessible Guest Room #708**

E. Room signage lacks the international symbol of accessibility, in violation of the ADA and Section 216.8 of the 2010 Standards, whose remedy is strictly required or, at minimum, readily achievable.

F. The bathroom pocket door's handle requires tight grasping, pinching, or twisting of the wrist to operate, in violation of the ADA and Section 309.4 of the 2010 Standards and 1991 ADAAG Section: 4.27.4, whose remedy is strictly required or at minimum is readily achievable.

G. The curtain adjusters do not have clear floor space to approach due to the placement of furniture, in violation of the ADA and Section 308.2.1 of the 2010 Standards, and 1991 ADAAG Section 4.2.5 whose remedy is strictly required or, at minimum, readily achievable.

H. The bed lacks required clear floor space on both sides, in violation of the ADA and Section 806.2.3 of the 2010 Standards and 1991 ADAAG Section

9.2.2, whose remedy is strictly required or, at minimum, readily achievable.

I. There are amenities, including the safe, whose operable parts are located above allowable reach range, in violation of the ADA and Section 308.2.1 of the 2010 Standards and 1991 ADAAG Section 4.2.5, whose remedy is strictly required or, at minimum, readily achievable.

J. In the mobility accessible guest room bathroom, the rear and side grab bars at the water closet are mounted too high, whereas theyt should be mounted at a height of 33" minimum and 36" maximum above the finish floor measured to the top of the gripping surface, in violation of the ADA section 604.5.2 of the 2010 Standards and 1991 ADAAG section 4.26.2, whose remedy is strictly required or at minimum is readily achievable.

K. The toilet paper dispenser is not located as required, in violation of the ADA and Section 604.7 of the 2010 Standards and 1991 ADAAG Section 4.16.3, whose remedy is strictly required or, at minimum, readily achievable.

L. The mirror above the bathroom lavatory is located in excess of 40 inches above the finish floor to the reflective surface, in violation of the ADA and Section 603.3 of the 2010 Standards and 1991 ADAAG Section 4.19.6, whose remedy is strictly required or, at minimum, readily achievable.

M. The shade pull requires tight grasping to operate, in violation of the ADA and Section 309.4 of the 2010 Standards and 1991 ADAAG Section 4.27.4, whose remedy is strictly required or, at minimum, readily achievable.

N. The bathroom water and drain pipes are not insulated to protect against scalding or contact, in violation of the ADA and Section 606.5 of the 2010 Standards and 1991 ADAAG Section 4.19.4, whose remedy is strictly required or, at minimum, readily achievable.

O. The towel bar is located above allowable reach range, in violation of the ADA and Section 308.2.1 of the 2010 Standards and 1991 ADAAG Section 4.2.5, whose remedy is strictly required or, at minimum, readily achievable.

**<u>Mobility Accessible Guestrooms Generally</u>**

P. The hotel's designated accessible guestrooms are not dispersed among the various classes of guestrooms, whereas the property offers numerous

different types of rooms and various bed arrangements including several suites and apartments ranging from a 685 Sq ft One Bedroom King Suite to a 1940 sq ft Penthouse. These rooms offer different square footages, amenities and widely varied price points. However, guests who require mobility accessible accommodations are restricted to a one king bathtub guestroom, one king roll-in shower guestroom, and a two queen bathtub guestroom, whereas able-bodied patrons and guests have access to reserve and stay at the full range of room classes. This is in violation of the ADA and section 224.5 of the 2010 Standards and section 9.1.4(1) of the 1991 ADAAG whose remedy is strictly required or, at minimum, readily achievable

Q. The Defendant's hotel has a legally insufficient number of hotel guestrooms fitted with mobility accessible features. Whereas, for a property with 128 guestrooms, there must be a minimum of five mobility accessible guestrooms without a roll-in shower and a minimum of two mobility accessible guestrooms with a roll-in shower, totaling seven designated mobility accessible guestrooms.

R. Richard Wagner believes substantially similar barriers to handicap access for the mobility impaired exist in all guestrooms that are designated as mobility accessible guestrooms throughout the hotel (not just room 708). Including the other roll-in shower fitted mobility accessible guestrooms and bathtub fitted mobility accessible guestrooms.

**<u>Policies and Procedures:</u>**

S. The Defendant lacks or has inadequate defined policies and procedures for the assistance of disabled patrons, including emergency evacuation procedures, in violation of the ADA whose remedy is strictly required or, at minimum, readily achievable.

T. The Defendant's inadequate procedures for the benefit of its patrons with disabilities extend to its failure to conduct a self-survey of its facilities and amenities that has resulted in discriminatory conduct toward Richard Wagner.

16. The discriminatory violations described in Paragraph 15 by Defendant Schofield Properties, LLC are not an exclusive list of the Defendant's ADA

violations. Plaintiff requires further inspection of the Defendant's place of public accommodation in order to document, photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access. The Plaintiff, has been denied access to Defendant's accommodations; benefit of services; activities; and has otherwise been discriminated against and damaged by the Defendant, as set forth above. The individual Plaintiff, and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein.

## COUNT I
## VIOLATION OF THE AMERICANS WITH DISABILITES ACT

17. Plaintiff restates the allegations of ¶¶1-16 as if fully rewritten here.

18. The hotel at issue, as owned and operated by Schofield Properties, LLC, constitutes a public accommodation and service establishment, and as such, must be, but is not, in compliance with the Americans with Disabilities Act ("ADA") or Americans with Disabilities Act Accessibility Guidelines ("ADAAG").

19. Plaintiff was unlawfully denied full and equal enjoyment of the goods, services, facilities, privileges, and advantages of the property on the basis of disability due to Defendant's failure to comply with Title III of the Americans with Disabilities Act and its accompanying regulations, as

prohibited by 42 U.S.C. § 12182, *et seq*. Defendant will continue to discriminate against Plaintiff and others with disabilities unless and until Defendant is compelled to remove all physical barriers that exist at the facility, including those specifically set forth herein, and make the facility readily accessible to and usable by persons with disabilities, including Plaintiff.

20. The Plaintiff, and others similarly situated, is presently without adequate remedy at law and is damaged by irreparable harm. Plaintiff reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendant is required to remove the physical barriers, dangerous conditions, and ADA violations that exist at the facility, including those set forth herein.

21. Pursuant to 42 U.S.C. §12188, Plaintiff requests that the Court issue an injunction requiring Defendant to come into full compliance with the implementing regulations of the ADA as is required for this hotel or at minimum make those readily achievable alterations as are legally required to provide full and equal enjoyment of the goods, services, facilities, privileges, and advantages on its property to disabled persons. In connection with that relief, Plaintiff requests reasonable attorney's fees and costs of maintaining this action.

**COUNT II**
**VIOLATION OF OHIO DISABILITY DISCRIMINATION LAW**
**O.R.C. §4112.01 et seq.**

22. Plaintiff restates the allegations of ¶¶1-21 as if fully rewritten here.

23. The Defendant Schofield Properties, LLC, operates or owns a "place[s] of public accommodation" pursuant to O.R.C. §4112.01(A)(9).

24. Defendant has committed unlawful acts pursuant to O.R.C. § 4112.02(G) by denying Plaintiff equal access to and use of public accommodations. Whereas, Defendant's property restricts access to its bar/restaurant for wheelchair users and denies guests who require a mobility accessible guestroom from enjoying premium views or suites.

25. The Defendant's acts are willful, severe and ongoing.

26. Pursuant to O.R.C. §4112.99, Plaintiff is entitled to compensatory and punitive damages as necessary to ensure justice, and attorney's fees and costs, in an amount to be determined at trial, but in any event not less than $25,000.00, as well as issuance of an injunction requiring Defendants to allow full and equal enjoyment of its goods, services, facilities, privileges, and advantages to disabled persons.

**WHEREFORE**, Plaintiff demands,

For **COUNT I**, an injunction ordering the immediate closure of the hotel property and requiring Defendants to come into full compliance with the implementing

regulations of the ADA as is required for this hotel unless it would be structurally impracticable or at minimum to make such readily achievable alterations as are legally required to provide full and equal enjoyment of the goods, services, facilities, privileges, and advantages to disabled persons, and the reasonable attorneys' fees and costs of maintaining this action; and,

For **COUNT II**, compensatory and punitive damages in an amount to be determined at trial, but in any event not less than $25,000.00, as well as issuance of an injunction requiring Defendant to allow full and equal enjoyment of the goods, services, facilities, privileges, and advantages to disabled persons.

Respectfully Submitted,

/s/ Owen B Dunn Jr.
Owen B. Dunn, Jr. (0074743)
Law Offices of Owen Dunn, Jr.
The Offices of Unit C
6800 Central Ave., Suite C-1
Toledo, OH 43617
(419) 241-9661 – Phone
(419) 241-9737 – Facsimile
Monroe, MI (734) 240-0848
obdjr@owendunnlaw.com
*Attorney for Plaintiff*